IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

___FILED ___ENTERED
___LODGED ___RECEIVED

AUG 2 0 2007

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

| | |
|---|---|
| EVANGELIST: DIANE MARIA | |
| Plaintiff, | |
| v. | Civil Case No. RWT 06-2412 |
| INTERNAL REVENUE SERVICE, | |
| Defendant. | |

## MEMORANDUM OPINION

Plaintiff "Evangelist: Diane-Maria" ("Evangelist") filed this *pro se* action against the Internal Revenue Service ("IRS") alleging, *inter alia,* constitutional violations of invasion of privacy, freedom of religion, and violation of due process, as well as a claim for fraud. Evangelist seeks unspecified declaratory and injunctive relief and compensatory and punitive damages of more than $75,000. Currently before the Court is the Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state claims upon which relief can be granted. Because the Court concludes that it lacks jurisdiction, it will, by separate order, grant the IRS' motion.

## FACTUAL BACKGROUND

Plaintiff's complaint fails to set forth sufficient facts for her various claims. In her complaint, she mentions religion, but she does not make a claim that she is a religious organization. She also

-1-

asserts that the IRS provided false information to the Tax Court during proceedings before that Court concerning her tax liability. Based on these facts, Plaintiff has filed a four-count complaint alleging violations of her First Amendment rights, her Fifth Amendment right to due process, and claims that the IRS invaded her privacy and engaged in fraud.

Although the complaint is devoid of relevant facts, Plaintiff also filed a separate "Jurat at Law," in which she explains the factual background in this case with more particularity. According to Plaintiff, the IRS first sent her a notice of deficiency for the tax year that ended on December 31, 2001. Plaintiff states that she responded to this notice on June 5, 2003 with a notarized declaration that she did not have any taxable income in 2001.[1] The IRS in turn filed a response on July 28, 2003, indicating that the IRS records showed income of $47,443 for Plaintiff in 2001.

In August 2003, Plaintiff alleges that she attempted to contact the IRS via telephone, but was unable to resolve her case over the phone. On October 11, 2004, the IRS again sent correspondence to Plaintiff stating that she owed taxes on $97,025 of income. The IRS letter stated, according to Plaintiff, that she owed $42,408.36 in taxes for the time period through November 10, 2004.

Plaintiff states that she sent further notarized declarations to clarify what she believed to be an error by the IRS. On November 9, 2004, Plaintiff alleges that she visited the IRS office in Washington, D.C., but was unable to discuss her case with an agent because of the long waiting line that had formed prior to her arrival at the office. She returned on November 10, 2004, but again was unable to speak with an agent because of long waiting lines. Also on November 10, 2004, Plaintiff

---

[1] In its motion, the IRS lists a variety of forms of income for Plaintiff for 2001, including wages from the U.S. Department of Agriculture, dividends from an investment account with Charles Schwab & Co., and IRA distributions from accounts with Fidelity Investments and the Thrift Savings Plan. See Def. Motion at 4.

claims that she sent another notarized declaration to the IRS challenging the amount of tax owed. In this declaration she also requested an administrative appeals conference.

On February 21, 2005, the IRS sent another notice of deficiency to Plaintiff. Plaintiff alleges that this letter stated that Plaintiff owed $26,716 in taxes.[2] On May 23, 2005, Plaintiff filed a petition in U.S. Tax Court in Washington, D.C. to contest the amount of tax owed. On August 4, 2005, the U.S. Tax Court notified the parties that the trial date was set for January 9, 2006, and urged the parties to resolve all factual differences prior to trial. Plaintiff claims that she corresponded with the IRS on several occasions via telephone and the mail after she filed this complaint. Plaintiff claims that the agents with whom she spoke were unable to help her resolve her issues. She also challenges a *subpoena duces tecum* that was filed by an IRS attorney during the course of the litigation as a violation of her privacy because the IRS allegedly obtained Plaintiff's financial records for the past 14 years through the subpoena.

The Tax Court dismissed Plaintiff's claims for failure to properly prosecute on January 31, 2006. In the decision in which it granted the IRS' Motion to Dismiss, the Tax Court found a tax deficiency of $12,425. In addition to this amount of tax, the Tax Court also assessed a $2500 penalty against Plaintiff pursuant to 26 U.S.C. § 6673(a)(1). Plaintiff then filed this complaint on September 18, 2006.

---

[2] In its motion, the IRS explains that the distribution from the Thrift Savings Plan, in the amount of $49,357, was determined by the Service to have been rolled over into a qualifying tax-deferred account, and therefore did not constitute taxable income. Def. Motion at 4. It is uncertain from the papers before the Court whether this discrepancy explains the purported difference in the IRS correspondence regarding the amount of tax owed by Plaintiff. As noted later in this opinion, because this Court lacks jurisdiction over these claims, the exact tax figures and reasons for any discrepancies do not impact the Court's analysis in this case.

## ANALYSIS

### A.  Standard of Review

A motion to dismiss ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In its determination, the Court must consider all well-pled allegations in a complaint as true, see Albright v. Oliver, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal conclusions, Sec'y of State for Def. v. Trimble Navigation Ltd., 484 F.3d. 700, 705 (4th Cir. 2007), or legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986).

### B.  Plaintiff's Complaint Must Be Dismissed According to the Federal Rules of Civil Procedure.

Plaintiff's complaint fails pursuant to three provisions of the Federal Rules of Civil Procedure: (1) Rule 12(b)(1), for lack of subject matter jurisdiction, (2) Rule 12(b)(2), for lack of personal jurisdiction, and (3) Rule 12(b)(6), for failure to state a claim upon which relief can be granted. When a Defendant raises a challenge to subject matter jurisdiction in a motion under Rule 12(b)(1), the burden of proving the factual basis for subject matter jurisdiction is on the plaintiff. Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

#### 1.  This Court Lacks Subject Matter Jurisdiction.

In her complaint, Plaintiff has requested unspecified declaratory and injunctive relief, invoking both the Anti-Injunction Act, 26 U.S.C. § 7421, and the Declaratory Judgment Act, 28

U.S.C. § 2201(a).

The Anti-Injunction Act provides in pertinent part: "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a) (2006). This Act is invoked when a taxpayer files suit to "restrain the assessment or collection of any tax," South Carolina v. Regan, 465 U.S. 367, 375 (1984), and it reflects Congress' objective to protect "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference," Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (1974). There are two exceptions to the Anti-Injunction Act. These exceptions apply *only* if the plaintiff can demonstrate that (1) the Plaintiff is certain to ultimately prevail on the merits, Regan, 465 U.S. at 375, and (2) Congress has not provided the plaintiff with any alternative legal way to challenge the validity of the tax, Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962).

The Anti-injunction Act applies here because Plaintiff has prayed for injunctive relief to remedy the "wrongs sustained," which the Court interprets to be a request for this Court to restrain the collection of a tax. Complaint at 6. Under the statute, the Court cannot grant the requested relief. 26 U.S.C. § 7421(a). Further, neither of the two exceptions to the statute applies in this case. First, the Tax Court concluded that Plaintiff had a tax deficiency of $12,425, and therefore she cannot satisfy the "certain to prevail" exception. Second, Plaintiff was allowed to bring her claim in the U.S. Tax Court, and thus she had a legal alternative to the present proceedings. Because neither exception applies, under the Anti-Injunction Act, Plaintiff cannot sue the IRS to obtain an injunction to restrain the Services' collection of any tax. Thus, this Court lacks jurisdiction to grant the

requested relief.[3]

By requesting declaratory relief, Evangelist's complaint also invokes the Anti-Injunction Act. 28 U.S.C. § 2201(a) (2006). Although District Courts have the ability to "declare the rights and other legal relations of any interested party seeking such declaration," in most cases, the Anti-Injunction Act specifically precludes District Courts from granting such relief "with respect to Federal Taxes." Id.; Wilson v. Wilson, 141 F.2d 599, 600 (4th Cir. 1944). Thus, this Court is without jurisdiction to hear the case under the Declaratory Judgment Act as well.

Indeed, the Anti-Injunction Act and the Declaratory Judgment Act are intended to be coextensive. In re Leckie Smokeless Coal Co., 99 F.3d 573, 583 (4th Cir.1996). The Fourth Circuit has stated that "[t]he very purpose of the two statutes . . . is to allow the Federal Government to assess and collect allegedly due taxes without judicial interference and to compel taxpayers to raise their objections to collected taxes in suits for refunds." Id. Under both of these statutes, this Court lacks subject matter jurisdiction.

### 2. The Court Lacks Personal Jurisdiction Over The IRS.

Plaintiff has also requested monetary relief, which is beyond the scope of the Anti-Injunction Act and the Declaratory Judgment Act. However, Plaintiff's claims for monetary damages also fail because the Internal Revenue Service is not a legal entity that can be sued in the Federal District Court for monetary damages. Murphy v. I.R.S., 362 F. Supp.2d 206, 212 (D. D. C. 2005)("[u]nder 5 U.S.C. § 702(a), if a party suffers a legal wrong by an agency action, such a party is entitled to

---

[3] Because the U.S. Tax Court is to be regarded as akin to a district court, the proper forum for Plaintiff to file a challenge to the findings of the U.S. Tax Court is the United States Court of Appeal for the Fourth Circuit. 26 U.S.C. § 7482 ("The United States Courts of Appeals . . . shall have exclusive jurisdiction to review the decisions of the Tax Court . . . .") ; Freytag v. C.I.R., 501 U.S. 868, 891 (1991).

bring her case before this Court as long as she seeks relief other than monetary damages). This Court can only have personal jurisdiction over the IRS when Congress has waived sovereign immunity. Baumohl v. Columbia Jewelry Co., 127 F. Supp. 865, 867 (D. Md. 1955)(finding that the IRS was not a proper legal entity to the suit). Because Plaintiff has not brought her claim pursuant to any statute that allows for private actions against the IRS, this Court lacks jurisdiction. Thus the Defendant's Motion should also be granted on account of a lack of personal jurisdiction over the IRS.

### 3. In The Alternative, Plaintiff Fails To State A Claim Upon Which Relief Can Be Granted and Fails To Plead Fraud With Sufficient Particularity.

Evangelist has raised four claims in her complaint: (1) violation of privacy, (2) violation of due process, (3) violation of the First Amendment, and (4) Fraud. As an alternative to the above analysis, the Court reviews the merits of the complaint and concludes that the Plaintiff has failed to state a claim upon which relief can be granted.

Evangelist specifically challenges the IRS' used of a *subpoena duces tecum* to obtain her prior financial records to be a violation of her privacy. The IRS has clear congressional authority to obtain this information pursuant to 26 U.S.C. § 7602 (2006) ("[f]or the purpose of... determining liability of any person for any internal revenue tax ... the Secretary is authorized ... [t]o examine any ... records ... which may be ... material to such inquiry.") Further, such inquiry has been held not to violate a taxpayer's rights. McCoy v. C.I.R, 696 F.2d 1234, 1237 (9th Cir.1983) (stating that "[r]equiring taxpayers, who institute civil proceedings protesting deficiency notices, to produce records or face dismissal constitutes no invasion of privacy or unlawful search and seizure"). This Circuit has noted that a *subpoena duces tecum* can exceed the confines of the Fourth Amendment,

but only when it is not sufficiently tailored to the investigation. In re Subpoena Duces Tecum, 228 F.3d 341, 347 (4th Cir. 2000). However, "there is no unreasonable search and seizure, when a subpoena, suitably specific and properly limited in its scope, calls for the production of documents which, as against their lawful owner to whom the writ is directed, the party procuring its issuance is entitled to have produced." Id. In this case, the IRS sought financial records to assist in its calculation of Evangelist's tax deficiency. The Court concludes that plaintiff's financial records were relevant to this analysis. Without additional facts or allegations concerning the Government's actions, the Court concludes that the IRS did not infringe on plaintiff's right to privacy. Thus, Evangelist's claim for invasion of privacy must fail under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff next claims that she was denied due process when the Tax Court dismissed her petition. This claim fails for three reasons. First, dismissal of a petition by the Tax Court for failure to prosecute does not constitute a denial of due process under the Fifth Amendment. Bauer v. C.I.R. 97 F.3d 45, 48 (4th Cir. 1996)(noting the Tax Court's authority to dismiss cases *sua sponte*, and that a decision to dismiss a case for lack of prosecution is not to be overturned, absent an abuse of discretion[4]), McCoy, 696 F.2d at 1236-37. Second, because there are "other meaningful safeguards or remedies for the rights of persons situated" as Evangelist, she cannot recover against the IRS for an alleged violation of due process. Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exchange v. Gibbs, 886 F.2d 1240, 1248 (10th Cir.1989) (concluding that because of the various remedies provided for in the Internal Revenue Code, it would be "inappropriate to recognize a Bivens remedy

---

[4] The Court does not apply an "abuse of discretion" standard here as Evangelist is not challenging the findings of the Tax Court, but rather the conduct of the IRS. Further, this would not be a proper forum to seek review of the Tax Court's finding. See n.3, supra.

-8-

with respect to an alleged fifth amendment violation). Third, the Tax Court has exclusive jurisdiction to determine whether the IRS has violated a taxpayer's due process rights. Voelker v. Nolen, 365 F.3d 580, 581 (7th Cir. 2004). For all of these reasons, plaintiff's due process claim cannot move forward.

Plaintiff's third claim is for a violation of her first amendment rights because she alleges that she is a religious establishment that cannot be taxed. However, Plaintiff has not alleged any facts that suggest or support this claim. Even interpreting the facts in the light most favorable to her, there are not facts to suggest that Plaintiff is a religious organization entitled to tax-exemption, nor is there any indication that her First Amendment rights have been violated.

Finally, Plaintiff's complaint and other papers seem to suggest that the IRS engaged in fraud. Under Rule 9(b) of the Federal Rules of Civil Procedure, Plaintiff is required to plead fraud with sufficient particularity, including the time, place and contents of any alleged false representations. United States v. Lockheed Martin Corp., 423 F. Supp.2d 522, 526 (D. Md. 2006)(citing Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999)). Here Plaintiff has failed to make specific allegations about the IRS' alleged misrepresentations. Accordingly, her fraud claim also fails.

Because Plaintiff has failed to state a claim upon which relief can be granted, even if this Court had jurisdiction over the claims and the IRS, the Court would grant the IRS' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### 4. Plaintiff's Claims Are Barred By *Res Judicata*.

As a final matter, the Court notes that Plaintiff's claims are barred by *res judicata* as Plaintiff

has already litigated this matter before the Tax Court. Under the doctrine of claim preclusion, a prior judgment bars the re-litigation of claims that were raised or *could have been raised* in the prior litigation between the same parties. The Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999). Evangelist easily could have raised these concerns in the prior litigation before the Tax Court. She failed to do so, and *res judicata* bars her from raising these claims in the instant case.

## CONCLUSION

As stated herein, because Court is without jurisdiction to grant the relief requested, and in the alternative, because the Plaintiff has failed to state a claim upon which relief can be granted and because her claims are barred by the doctrine of *res judicata*, the Defendant's motion will be granted by separate order.

August 20, 2007
DATE

ROGER W. TITUS
UNITED STATES DISTRICT JUDGE